HIRSCHBERG, Appellant, v. MARX et al., Respondents. (City Court of New York, General Term. December, 1901.) Action by Heinrich Hirschberg against Mortimer Marx (said name "Mortimer" being fictitious) and others. Hansen, Zinsser & Power (E. Ormonde Power,

of counsel), for appellant. Abraham H. Sarasohn, for respondents.

CONLAN, J. The action was brought to recover the price of a cargo of lumber. The demand in the complaint was for a certain sum, less the freight. The answer claimed that a less quantity was delivered than charged for. It appeared upon the trial that the plaintiff's representative called upon defendants to collect the amount of the bill rendered for the larger quantity, and was requested to call again in a day or two, and they would settle for it; but that they had not as yet figured up the amount of the lumber. The terms of the sale were cash, less 2 per cent., or a three-months note for the amount. No offer or a tender of either cash or note was made by the defendants, and it is claimed that such tender was rendered unnecessary because of the demand of the plaintiff for a sum greater than the amount claimed by the defendants to be due. But it does not appear that any objection was made that the amount demanded was too great at the time it was made, and the only excuse offered for nonpayment was that the defendants had not figured up the amount due. The reason why any tender was or was not under the circumstances necessary is not apparent. The cases cited by the respondents are not, to our mind, applicable to the case at bar. The defendants presented no evidence upon the subject, and we think that the final question put to the witness, and his answer thereto, namely: "Q. You would not take any less, would you? A. I was not offered any 'less than that,"—taken in connection with the statement of defendants to the witness that they had not figured up the amount of the lumber, clearly presents a situation where it was error to have granted the defendants' motion for a dismissal; and we do not think that the question whether a tender was or was not necessary had anything to do with the case. For these reasons we are of the opinion that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.